Edward Carlson / Susan Lee
Carlson and Ryan LLP
43 West 43rd St., suite 243
New York, NY 10036-7424
+1 (917) 714-0189
ed@carlsonryanlaw.com / susan@carlsonryanlaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAFNIA POOLS PTE. LTD, | **23 CV _____** |
| Plaintiff, | **VERIFIED COMPLAINT IN ADMIRALTY** |
| -against- | |
| RIL USA INC, | |
| Defendant. | |

Plaintiff Hafnia Pools Pte. Ltd ("Hafnia"), by its undersigned attorneys, as and for its Verified Complaint in Admiralty, alleges against Defendant RIL USA Inc ("RIL"), upon information and belief, as follows:

## JURISDICTION

1.      This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breach of a maritime contract of charter party. The Court also possesses federal question jurisdiction over the matter pursuant to 28 U.S.C. §1331 because it is brought under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201, *et seq.*, and/or the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*

**PARTIES**

2.      At all times material hereto, Plaintiff Hafnia was and is a foreign business entity formed under the laws of Singapore with an address at Mapletree Business City, 10 Pasir Panjang Road #18-01, Singapore 117438. At all times material hereto, Hafnia was also the disponent owner of the M/T Starling, a tanker of about 74,032 deadweight tons capacity engaged in the international transportation of petroleum and petroleum products by sea.

3.      At all times material hereto, Defendant RIL was and is a domestic business entity formed under the laws of Delaware with a principal place of business at 2000 West Sam Houston Parkway South, suite 700, Houston, Texas, 77042.  At all times material hereto, RIL was the charterer of the M/T Starling. At all times material hereto, third party Reliance Industries Limited, India, a multinational conglomerate headquartered in Mumbai, India, was and remains the ultimate parent of RIL.

**UNDERLYING EVENTS**

4.      Pursuant to a maritime contract of charter party on an amended Shellvoy 5 form dated July 15, 2022, Hafnia, as disponent owner, chartered the M/T Starling to RIL, as charterer, for the transport of a cargo of alkylate from the load port of Sikka, Gujarat, India to, *inter alia*, a range of discharge ports along the US Atlantic Coast (including New York Harbor) and the US Gulf.

5.      The M/T Starling discharged, at RIL's instruction, a part-cargo of alkylate at New York Harbor on or about August 27-28, 2022 as per the terms of the charter party, and, at RIL's instruction, the vessel subsequently deviated to the Port of Philadelphia,

where the vessel discharged an additional part-cargo of alkylate on or about August 29-September 1, 2022, before steaming, also at RIL's instruction, to the Port of Houston, the vessel's final discharge port.

6.      RIL's orders for the vessel to discharge part-cargos at New York and Philadelphia resulted in the vessel incurring additional costs due and owing from RIL to Hafnia as per the terms of the charter party, namely deviation time, port time, and bunkers (i.e., fuel), which costs, as per the charter party, are for RIL's account.

7.      Upon completion of the above-referenced voyage, Hafnia submitted a freight invoice to RIL dated September 20, 2022 for the time and costs so incurred, totaling US $558,548.48.

8.      Hafnia submitted that invoice to RIL with 11 supporting claim vouchers via broker channels (as is customary in shipping) on or about September 20, 2022.

9.      Despite due demand, RIL refused and/or failed to acknowledge receipt of the invoice or confirm it would pay same.

10.     Follow-up communications regarding the unpaid invoice were sent to RIL on or about September 27, 2022; October 4, 2022; and October 10, 2022.

11.     On or about October 12, 2022, RIL confirmed receipt of the subject freight invoice. Then, on or about December 21, 2022, RIL informed Hafnia that it "promised to prioritize" the outstanding payment.

12.     However, to date, and despite repeated demands, the subject freight invoice remains unpaid by RIL, and due and owing to Hafnia.

13.     RIL's failure and/or refusal to pay the invoice constitutes a breach of the charter party, and the total amount due and outstanding from RIL to Hafnia is US $558,548.48, which outstanding sum forms the basis for this application.

14.     The charter party provides that any dispute between the parties shall be subject to English law and decided by English Courts or in London arbitration.

15.     Hafnia has commenced or soon will commence an English Court action or London arbitration proceeding against RIL, seeking recovery of the sum set forth above, together with all further losses, including, as set forth below interest, attorney fees and costs.

16.     This action is brought to obtain jurisdiction over RIL and to obtain security in favor of Hafnia in respect of its claim against RIL, and this action is also brought in aid of such foreign court or arbitration proceedings in England.

17.     This action is further brought to obtain security for additional sums to cover Hafnia's anticipated attorney fees and costs in the foreign proceedings as well as interest, all of which are recoverable as part of Plaintiff's main claim under English law.

18.     Hafnia estimates, as best as can presently calculated, these additional damages and costs will be US $170,652.24 comprised of interest in the sum of US $70,652.24 (compounded on the principal amount of the outstanding claim of US $558,548.48 at a rate of 6 percent compounded quarterly for a period of 2 years – the estimated time frame within which the foreign proceedings will be completed), and US $100,000 estimated English counsel fees and English court/arbitrators' fees and costs to be incurred in conjunction with the foreign proceedings, recoverable therein.

19.     As such, Plaintiff Hafnia's total claim against Defendant RIL for which it seeks security is **US $729,200.72**.

## REQUEST FOR RULE B ATTACHMENT RELIEF

20.     Paragraphs 1 through 19 of this Verified Complaint in Admiralty are repeated and realleged, as if the same were set forth at length herein.

21.     Hafnia brings this action seeking an order of maritime attachment and garnishment, pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, authorizing the restraint of RIL's property in the hands of garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein, in the amount stated herein, for the purpose of obtaining jurisdiction over RIL's property and security in favor of Plaintiff's claims in aid of the foreign proceedings in England.

22.     Upon information and belief, and after investigation, RIL cannot be "found" within this District for the purposes of Rule B of the Supplemental Rules for Admiralty or Maritime Claims (see accompanying Declaration of Edward Carlson), but Hafnia is aware that RIL has property subject to attachment within this District, including but not limited to certain funds deposited, and/or other assets, at Standard Chartered Bank located within this District, including at 1095 Avenue of the Americas, New York, New York 10036.

23.     The amount Hafnia seeks to attach against RIL, pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims, inclusive of the principal sum of

US $558,548.48, together with interest thereon totaling US $70,652.24, attorney fees and costs in England totaling US $100,000, equals **US $729,200.72**.

**WHEREFORE**, Plaintiff Hafnia prays as follows:

1.      That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against Defendant RIL, citing it to appear and answer the foregoing, failing which default against it may be taken;

2.      That if RIL cannot be found within this District pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims, all tangible and intangible property of Defendant up to and including the sum of **US $729,200.72** be restrained and attached, including, but not limited to, any cash, funds, escrow funds, credits, accounts, letters of credit, freights, dividends, charter hire, and/or any other property of, belonging to, due, held or being transferred to, from, or for the benefit of RIL USA Inc at Standard Chartered Bank in New York, New York or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein so as to obtain quasi in rem jurisdiction over RIL and to serve as security for subsequent recognition and/or enforcement of any arbitral award and/or court judgment;

3.      That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to an order compelling Defendant to arbitration in England and/or the recognition and enforcement of any award or judgment entered against Defendant in the foreign arbitral and/or court proceeding in England; and

4.      That the Court grants such other, further and different relief as may be deemed just, proper and equitable.

Dated: New York, New York
        January 20, 2023

Attorneys for Plaintiff


                    /s/
By:   _____
      Edward Carlson / Susan Lee
      Carlson and Ryan LLP
      43 West 43rd St., suite 243
      New York, NY 10036
      +1 (917) 714-0189
      ed@carlsonryanlaw.com
      susan@carlsonryanlaw.com

## ATTORNEY VERIFICATION

Edward Carlson, pursuant to the provisions of 28 U.S.C. § 1746, declares and states as follows:

1.      I am an attorney with Carlson and Ryan LLP, attorneys for Plaintiff in this action, I am admitted to practice before this Court, and I make this verification on behalf of Plaintiff.

2.      I have read the foregoing complaint and know the contents thereof, and the same are true to the best of my knowledge, information and belief. The sources of my information and the ground for my belief are communications and information received from Plaintiff and their representatives, together with the examination of papers relating to matters in suit.

3.      The reason this verification is made by the undersigned, and not made by Plaintiff, is that Plaintiff is a non-New York business entity as to which I am informed that no officer or director is presently within this District.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
      January 20, 2023

/s/
_____

Edward Carlson
Carlson and Ryan LLP
43 West 43rd St., suite 243
New York, NY 10036-7424
+1 (917) 714-0189
ed@carlsonryanlaw.com